Sun v. Lynch

BIA
Hom, IJ
A201 117 985

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand sixteen.

PRESENT:
> RALPH K. WINTER,
> GUIDO CALABRESI,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

YI SUN,
> *Petitioner,*

> v.                                         14-4483
>                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Vlad Kuzmin, Kuzmin & Associates P.C., New York, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Assistant Attorney General; Nancy Friedman, Senior Litigation Counsel; Margaret A. O'Donnell, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yi Sun, a native and citizen of the People's Republic of China, seeks review of a November 4, 2014, decision of the BIA affirming a December 11, 2012, decision of an Immigration Judge ("IJ") denying Sun's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yi Sun,* No. A201 117 985 (B.I.A. Nov. 4, 2014), *aff'g* No. A201 117 985 (Immig. Ct. N.Y. City Dec. 11, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision, including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications, like Sun's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies between the applicant's statements and other evidence, "without

2

regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Substantial evidence supports the IJ's adverse credibility determination, which was based on inconsistencies within Sun's testimony and between his testimony and his documentary evidence, as well as a lack of corroborating evidence. The first inconsistency identified by the IJ regarded the date of Sun's baptism: Sun testified that he was baptized in June 2009, a date after he had stopped attending church in China. The IJ was not compelled to accept Sun's explanation that he misspoke and meant 2008: the misstatement could give rise to either the inference Sun advanced (that he simply stated the wrong year), or to an inference that Sun memorized the relevant date but forgot the year. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (holding that the agency need not credit an applicant's explanation for inconsistencies unless the explanations would compel a reasonable fact-finder to do so); *Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Decisions

3

as to which of competing inferences to draw are entirely within the province of the trier of fact" (quotation marks, alteration, and citation omitted)).

Sun also testified that police started looking for him around April 2009, and from that point until his December 2012 merits hearing they came to his family's house once every two or three months. However, in a 2012 letter, his father wrote that police only started looking for him "this year." The IJ was not required to credit Sun's explanation that his father may not have written clearly, as the IJ's interpretation that Sun's father meant 2012 was at least as plausible as Sun's reading of the letter as referring to 2009; further, neither Sun's asylum application nor his mother mentioned anybody looking for him in China. *Majidi*, 430 F.3d at 80; *Siewe*, 480 F.3d at 167.

The IJ also noted Sun's lack of corroborating evidence. An applicant's failure to corroborate testimony may bear on credibility, either because the absence of particular evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony already called into question. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ found that the form letter from Sun's church in New York lacked specifics, and that Sun

4

had not convincingly explained why nobody from his church testified or signed an affidavit on his behalf. *See Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009) ("[T]he alien bears the ultimate burden of introducing such evidence without prompting from the IJ."). Sun also failed to corroborate his testimony that he was baptized in China: a letter from his friend in China mentioning the baptism was not admitted into evidence because it was not timely submitted to the IJ. Neither the IJ's refusal to admit the document, nor his alternative finding that if admitted the letter was entitled to little weight constituted an abuse of discretion because Sun was unable to justify the late submission, and the document was unsworn and bore no indicia of reliability. *See Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008) (the decision not to admit untimely-filed documents is reviewed for abuse of discretion); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (the weight accorded to evidence lies largely within the agency's discretion).

Given the inconsistencies and lack of corroboration, substantial evidence supports the agency's adverse credibility determination, which is dispositive of asylum, withholding of removal, and CAT relief. *Xiu Xia Lin*, 534 F.3d at 167; *Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006). Because the

credibility determination is dispositive, we do not reach the agency's alternative findings.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk